## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: <u>25-CR-14034-MARTINEZ/MAYNARD</u>

**UNITED STATES OF AMERICA**

**vs.**

**KALEB HARRISON CHILDS,**

      **Defendant.**

_____/

### <u>PLEA AGREEMENT</u>

The United States Attorney's Office for the Southern District of Florida ("this Office") and Kaleb Harrison CHILDS (hereinafter referred to as the "Defendant") enter into the following agreement:

1.     The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with enticement of a minor, in violation of Title 18, United States Code, Section 2422(b), and Count Two, which charges the Defendant with producing material involving sexual exploitation of minors, in violation of Title 18, United States Code, Section 2251(a) and (e). The elements of these offenses are:

<u>Count One</u>

| | |
|---|---|
| **First:** | The defendant knowingly persuaded, induced, enticed, or coerced an individual to engage in sexual activity, as charged; |
| **Second:** | The defendant used a computer, the internet or a cellular telephone to do so; |
| **Third:** | When the defendant did these acts, the victim was less than 18 years old; and |
| **Fourth:** | One or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the law of Florida or the United States. |

Count Two

**First**:        An actual minor, that is, a real person who was less than 18 years old, was depicted;

**Second**:     The Defendant used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

**Third**:       Either (a) the Defendant knew or had reason to know that the visual depiction would be mailed or transported in interstate or foreign commerce; or (b) the visual depiction was mailed or actually transported in interstate or foreign commerce.

2.      The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in

2

paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The Defendant understands and acknowledges that for Count One, the Court must impose a minimum term of imprisonment of 10 years and may impose up to the statutory maximum term of life imprisonment, followed by a term of supervised release of at least five years and up to life.  The Defendant understands and acknowledges that for Count Two, the Court must impose a minimum term of imprisonment of 15 years and may impose up to the statutory maximum term of 30 years' imprisonment, followed by a term of supervised release of at least five years and up to life.  These sentences of imprisonment may be run consecutively.  In addition to a term of imprisonment and supervised release, for each count, the Court may impose a fine of up to $250,000 and may order restitution and forfeiture.  The Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

4.      Pursuant to 18 U.S.C. §§ 3663(a)(3), 3663A(a), (b), 2248, and 2259, the Defendant agrees to make full restitution to all victims of his offenses as to all counts charged, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement.  Further, the Defendant agrees to pay restitution to any of his victims for the entire scope of his criminal conduct, including all relevant conduct.  The Defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110 of Title 18,

United States Code.

5.      The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 per count will be imposed on the Defendant. *See* 18 U.S.C. § 3013. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay. In addition to the special assessment that will be imposed under 18 U.S.C. § 3013, the Court will impose an additional special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act of 2015. *See* 18 U.S.C. § 3014.

6.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will move the Court for an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the

4

Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make these recommendations if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.     The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the Defendant may not withdraw the Defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

9.      The Defendant understands that by pleading guilty, the Defendant will be required to register as a sex offender upon the Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  The Defendant also understands that independent of supervised release, the Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life.  The Defendant understands that the Defendant shall keep the Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment, or student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information.  The Defendant understands that the Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.  If Defendant resides in North Carolina following release from prison, the Defendant will be subject to the registration requirements of the State of North Carolina.  The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

10.     The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property subject to criminal forfeiture upon his conviction of the violations charged in the Indictment to which he agrees to plead guilty. The property subject to forfeiture includes the following:

(a)     As to the violation charged in Count One of the Indictment, the Defendant agrees to forfeit, pursuant to Title 18, United States Code, Section 2428, the following: (1) any property, real or personal, that was used or intended to be used to commit or to facilitate the

6

commission of such violation, and (2) any property, real or personal, constituting, or derived from proceeds the defendant obtained, directly or indirectly, as a result of the violation.

        (b)    As to the violation charged in Count Two of the Indictment, the Defendant agrees to forfeit, pursuant to 18, United States Code, Section, 2253, the following:  (1) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18 of the United States Code, or any book, magazine periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 110 of Title 18 of the United States Code, (2) any property, real or personal, constituting, or traceable to gross profits or other proceeds obtained from such violation, and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such violation or any property traceable to such property.

    11.    The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure, and any appeal of the forfeiture.

    12.    The Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial; to cross-examine the government's witnesses; to testify on his own behalf; to not be

compelled to provide self-incriminating testimony; to call witnesses for the defense; and, to appeal any adverse verdict that may result from a trial. The Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

13.    This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 10/14/2025    By: _____

JUSTIN L. HOOVER
ASSISTANT UNITED STATES ATTORNEY

Date: 10/12/25    By: _____

JEREMY McLYMONT
ATTORNEY FOR DEFENDANT

Date: 10/12/25    By: _____

KALEB HARRISON CHILDS
DEFENDANT

8